IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00829-WDM-MJW

ALONSO JAQUEZ-TREVIZO,

      Petitioner,

v.

MICHAEL CHERTOFF, Secretary of the Department of Homeland Security;
JOHN CLARK, Deputy Assistant Secretary of Immigration and Customs Enforcement, Department of Homeland Security; and
DOUGLAS MAURER, Interim Director, Immigration and Customs Enforcement, Department of Homeland Security, Denver, Colorado,

      Respondents.

## ORDER OF TRANSFER

Miller, J.

This matter is before me on Respondents' Motion to Transfer Habeas Petition to Court of Appeals. Respondents contend that the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a), (c), 119 Stat. 231 (2005), divested this court of jurisdiction over Petitioner's application for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. The Petitioner opposes transfer. For the reasons that follow, the motion will be granted.

As part of the REAL ID Act, Congress amended the Immigration and Nationality Act to vest exclusive jurisdiction in the Courts of Appeals over challenges to final orders of removal or deportation. 8 U.S.C. § 1252(a)(5), as amended, now provides, in relevant

part:  Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole

and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

In his response to the motion to transfer, Petitioner argues § 1252(a)(5) does not apply to this case because he challenges only his detention and not the existence or validity of the 1996 removal order at issue. In his application for habeas relief, however, he states: "Mr. Jaquez challenges the legal determination that he is under a final administrative order of removal and his consequent unlawful detention." Application, at 9. Thus, it is clear that Petitioner is seeking review of an order of removal. The lawfulness of his detention stems from and is dependent upon the existence of the removal order.

Accordingly, it is ordered:

1. The motion to transfer, filed June 13, 2005, is granted.

2. This case shall be transferred to the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, on November 3, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge